**Melanie A. SCHERER, Plaintiff–Appellant,**

v.

**WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, Defendant–Appellee.**

No. 01–7465.

United States Court of Appeals, Second Circuit.

Jan. 3, 2001.

Michael J. Flaherty, Flaherty & Shea, Buffalo, NY, for Appellant.

Adam W. Perry, Hodgson Russ LLP, Buffalo, NY, for Appellee.

Present POOLER, SOTOMAYOR and PARKER, Circuit Judges.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Melanie A. Scherer appeals from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*) that granted defendant Williamsville Central School District's ("Williamsville") request for summary judgement dismissing Scherer's age discrimination complaint.

In June 1991 at age 47, Scherer who had worked for Williamsville for several years in temporary positions, applied for a permanent science position. Williamsville had three openings for middle school science teachers for the 1992–93 school year. During the first round of the selection process, Nicholas J. Hejaily, Williamsville's instructional specialist for science education, interviewed sixteen candidates including Scherer. Hejaily eliminated six of the candidates including Scherer from con-

sideration and sent ten names on for further consideration by different decision makers. Williamsville ultimately selected three candidates who were less than forty years old.

In response to a complaint that Scherer filed with the Equal Employment Opportunity Commission ("EEOC"), Hejaily explained that he did not advance Scherer's candidacy to the next round because during the interview Scherer did not stress skills that Hejaily believed to be important in middle school teaching including a hands-on approach. Because Williamsville had ample evidence from Scherer's years working as a temporary teacher that Scherer actually employed a hands-on approach and was well suited for middle school teaching, the EEOC found reason to believe Williamsville discriminated against Scherer on the basis of her age. After receiving a right to sue letter, Scherer filed a lawsuit in district court. Following discovery, Williamsville moved for summary judgment. The magistrate judge to whom the case was assigned recommended that Judge Arcara deny this motion because Williamsville's knowledge that Scherer had considerable experience teaching at the middle school level cast doubt on its explanation for not hiring her. Judge Arcara rejected the magistrate judge's recommendation and granted summary judgment, finding that the magistrate judge had inappropriately conflated the issue of whether Scherer actually had the requisite experience with the issue of whether she stressed her skill in this area during her interview with Hejaily. Because Hejaily's claim that he based his decision on the candidate's interview performance was uncontroverted and Scherer offered little other evidence of discrimination, the district court found that Scherer had not made factual allegations from which a reasonable fact finder could conclude that Williamsville's explanation was a pretext for its true motive, discrimination.

Once Williamsville offered a legitimate business justification for its rejection of Scherer's candidacy, the burden shifted to Scherer to "come forward with evidence that the employer's proffered explanations were merely pretextual and that the actual motivations more likely than not were discriminatory." *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 469 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 460, 151 L.Ed.2d 378 (2001). Although Scherer offered significant evidence tending to prove that Hejaily's interview process was not a model of objectivity and also established that Hejaily did not even interview one of the candidates who was finally selected, she did not offer sufficient evidence to allow the jury to conclude that Williamsville discriminated. Scherer's *prima facie* case was based on her strong qualifications for the position and the young age of the successful applicants. However, the decision maker that selected the three younger candidates did not consider Scherer's application. This fact dissipates much of the force of Scherer's *prima facie* case. Moreover, Hejaily, the only decision maker to actually act on Scherer's application, sent three of the five candidates who were over the age of forty on to the next step in the selection process. Thus, there is no probative evidence to suggest Hejaily acted from a discriminatory animus. We therefore affirm the district court's judgment.